NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| MICHAEL BERRY, | ) | |
| | ) | Supreme Court No. S-19371 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-09-1965 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| APRIL BERRY, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2146 – May 20, 2026 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Kirk Schwalm, Judge.

Appearances: Michael Berry, pro se, Marquand, Missouri, Appellant. April Berry, pro se, Fairbanks, Appellee.

Before: Borghesan, Henderson, Pate, and Oravec, Justices. [Carney, Chief Justice, not participating.]

## I. INTRODUCTION

A father appeals the superior court's denial of his motion to modify custody. He argues that the court erred by ruling that he had not demonstrated a substantial change in circumstances, a necessary requirement for a court to modify custody. The father also claims the court violated his constitutional rights, was biased against him, and improperly admitted prejudicial evidence.

---

\*      Entered under Alaska Appellate Rule 214.

We hold that the superior court did not clearly err in its findings or abuse its discretion by deciding that the father had failed to demonstrate a substantial change in circumstances. We also hold that the remainder of the father's arguments either lack merit or are waived. Therefore, we affirm the superior court's order denying the father's motion to modify custody.

## II.    FACTS AND PROCEEDINGS

Michael Berry and April Berry were married in 2004 and divorced in 2010. They have two children. During the divorce proceedings in 2010, a child custody investigator submitted a report to the court asserting that the father, had "employ[ed] a manipulative technique" and was "using the children as tools and weapons against the mother." The superior court found "the custody investigator's testimony with regard to the father and the effect the father's conduct is having on the children to be credible and reliable." The court awarded sole legal and primary physical custody to the mother and visitation to the father. The father appealed, raising due process, procedural, and factual challenges.[1] We rejected his claims regarding custody, concluding that they either lacked merit or had been waived.[2]

Subsequently, the father moved to modify custody several times. In 2018 he sought modification on multiple grounds, including that the children were old enough for their preferences to be given some weight. The superior court rejected his arguments. We affirmed the denial on appeal.[3]

The father again moved to modify custody in 2020, alleging changes in circumstances similar to those he argued in 2018. The superior court denied the motion in 2021, ruling the father had presented insufficient evidence to demonstrate that either

---

[1]    *See generally Berry v. Berry* (*Berry I*), 277 P.3d 771 (Alaska 2012).

[2]    *Id.* at 774-79.

[3]    *Berry v. Berry* (*Berry II*), No. S-17232, 2019 WL 6724423, at *4-7 (Alaska Dec. 11, 2019).

a substantial change in circumstances had occurred or that it was in the children's best interests for their father to have custody. Addressing the children's preferences, the court found that "the children do not have the capacity to express a reliable preference free of the negative influence of this custody litigation."

The father moved to modify custody again in May 2024, requesting sole legal and primary physical custody of the younger child, who was 15 years old at the time.[4] Similar to past motions, the father argued that there was a change in circumstances that included the child's preference. Additionally, he alleged that the mother had failed to adequately address the child's mental health needs.

The superior court ordered the child to be interviewed by a child custody investigator and held an evidentiary hearing in November. Relying on the investigator's interview with the child and testimony from both the father and the mother, the court determined there had not been a substantial change in circumstances. Although the court found that the child had expressed a preference to live with the father and that she was of sufficient age to form such a preference, it concluded that "she lack[ed] the capacity to form a meaningful preference due to the father's behaviors and repetitive litigation." Specifically, the court found that "[t]he father has consistently used the children and this litigation in an effort to control and extract [sic] revenge on the mother as first noted by the child custody investigator over a decade ago." The court also determined there had been no substantial change in circumstances related to the child's mental health needs. Finally, the court ruled that "even if the facts of this case did amount to a substantial change in circumstances," it was not in the child's best interests to modify custody. Accordingly, the superior court denied the motion.

The father appeals.

---

[4] By the time of the father's 2024 motion to modify custody, the parties' older child had reached the age of majority.

## III. STANDARD OF REVIEW

"A trial court has broad discretion in deciding child custody issues."[5] The superior court's "discretion extends to its determination whether, following an evidentiary hearing, the moving party has proven a substantial change in circumstances, meaning one that affects the child's welfare."[6] We will "set aside a trial court's determination of custody 'only if the entire record demonstrates that the controlling findings of fact are clearly erroneous or that the trial court abused its discretion.' "[7] We review both questions of constitutional law and claims of the appearance of judicial bias under a de novo standard.[8]

## IV. DISCUSSION

### A. The Superior Court Did Not Clearly Err Or Abuse Its Discretion By Ruling That The Father Failed To Prove A Substantial Change In Circumstances.

The father challenges the superior court's ruling that there was not a substantial change in circumstances. A court may not grant a motion to modify custody unless it determines both that there has been a substantial change in circumstances and that modification is in the child's best interests.[9] The burden is on the moving party to

---

[5] *J.M. v. S.C.*, 552 P.3d 475, 481 (Alaska 2024) (quoting *Wee v. Eggener*, 225 P.3d 1120, 1124 (Alaska 2010)) (internal quotation marks omitted).

[6] *Collier v. Harris*, 377 P.3d 15, 20 (Alaska 2016).

[7] *Moeller-Prokosch v. Prokosch*, 99 P.3d 531, 534 (Alaska 2004) (quoting *Hamilton v. Hamilton*, 42 P.3d 1107, 1111 (Alaska 2002)).

[8] *Kohlaas v. State*, 518 P.3d 1095, 1103 (Alaska 2022) ("We review summary judgment rulings and questions of constitutional and statutory interpretation, including the constitutionality of a statute, de novo."); *Downs v. Downs*, 440 P.3d 294, 297 (Alaska 2019) ("We review de novo the question of whether a judge appears biased, which is assessed under an objective standard." (quoting *Mengisteab v. Oates*, 425 P.3d 80, 85 (Alaska 2018)) (internal quotation marks omitted)).

[9] AS 25.20.110(a).

"prove a substantial change in circumstances as a threshold matter,"[10] and the court has "broad discretion" to determine whether that burden has been met.[11] If the moving party does not meet this threshold, the court is not required to analyze the best interests of the child.[12]

To determine whether there has been a substantial change in circumstances, "meaning one that affects the child's welfare,"[13] "superior courts must compare current circumstances to a 'baseline' at the time of the most recent custody order — i.e., 'the facts and circumstances that existed at the time of the prior custody order that the party seeks to modify.' "[14] Changes are considered "in the aggregate."[15] "If current circumstances are similar to those at the time of the most recent custody order, no substantial change has occurred and the court must decline the modification request."[16] "A change in circumstances is unlikely to be substantial enough to 'overcome our deep reluctance to shuttle children back and forth between parents' unless the change affects the children's welfare and 'reflect[s] more than mere passage of time.' "[17]

---

[10]    *McLane v. Paul*, 189 P.3d 1039, 1043 (Alaska 2008).

[11]    *Rainer v. Poole*, 510 P.3d 476, 481 (Alaska 2022).

[12]    *McLane*, 189 P.3d at 1043-45 (holding that "movant must prove a substantial change in circumstances as a threshold matter").

[13]    *Collier v. Harris*, 377 P.3d 15, 20 (Alaska 2016).

[14]    *Rainer*, 510 P.3d at 482 (quoting *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000)).

[15]    *Collier*, 377 P.3d at 22.

[16]    *Rainer*, 510 P.3d at 482.

[17]    *Hope P. v. Flynn G.*, 355 P.3d 559, 565 (Alaska 2015) (alteration in original) (quoting *C.R.B. v. C.C.*, 959 P.2d 375, 381 (Alaska 1998)).

On appeal, the father challenges the superior court's ruling that the child's preference did not constitute a change in circumstances.[18] Specifically, he contests the court's finding that the child lacked the capacity to form a meaningful custodial preference, arguing that this finding conflicts with the custody investigator's 2024 report. The investigator observed that the child presented as "a very emotionally mature young adult." The child told the investigator that although there was "nothing specific that has or is happening that has caused [her] to" change her preference, she desired to live with the father and has felt that way for "quite a while." The child felt that the mother was "carrying a bit of generational trauma that impacts her as a parent because she's unconsciously carrying it and not aware she is."

Although these portions of the 2024 investigator's report tend to support the father's argument, other portions of the report support the superior court's finding. For example, the child told the investigator that her parents' relationship gave her a lot of stress and anxiety, leading her to try to avoid "actions or behaviors [that] reflect negatively on the parent [she] just finished spending time with so they don't blame or hold it against that parent." By documenting the significant pressure that the child felt due to the ongoing conflict between her parents, the 2024 report describes circumstances which the superior court could reasonably interpret as having a negative effect on the child's capacity to form a meaningful preference.

---

[18] In his arguments to the superior court, the father included two additional grounds that he does not raise on appeal: that a significant amount of time had passed since the entry of the most recent custody order and that the mother had failed to meet the child's mental health needs. Although pro se litigants are treated with more leniency by the court, they must still articulate their claims in more than a "cursory" manner to warrant the court's consideration. *Wright v. Anding*, 390 P.3d 1162, 1175 (Alaska 2017) (quoting *Hagen v. Strobel*, 353 P.3d 799, 805 (Alaska 2015)) (internal quotation marks omitted). Thus, we only address the father's challenge in relation to the child's preference.

Moreover, the record supports the conclusion that the father has engaged in a years-long campaign of hostility against the mother that negatively affected their child's ability to form a meaningful preference. The court found that the father has "consistently used the children and this litigation in an effort to control and extract [sic] revenge on the mother as first noted by the child custody investigator over a decade ago." This finding is a direct reference to the 2010 custody investigator's report, in which the investigator concluded that the father was "using the children as tools and weapons against the mother," and thus creating a serious risk that the children would have developmental problems. The court's finding is also consistent with its prior finding in 2021 that "the children do not have the capacity to express a reliable preference free of the negative influence of this custody litigation."

It is the trial court's responsibility to weigh conflicting evidence,[19] and we "will not reweigh evidence when the record provides clear support for the trial court's ruling."[20] Here, prior findings made by the court, the 2010 investigator's report, and portions of the 2024 investigator's report provide clear support for the superior court's finding that the child continues to lack the capacity to form a meaningful preference. Accordingly, we hold that the court did not clearly err or abuse its discretion by ruling that the father failed to prove a substantial change in circumstances.[21]

## B. The Superior Court Did Not Err By Relying On Prior Orders Made In The Same Case.

The father broadly challenges the superior court's authority to consider prior orders issued in this proceeding, arguing that the court's "over-reliance" on a

---

[19] *Mallory D. v. Malcolm D.*, 290 P.3d 1194, 1201 (Alaska 2012).

[20] *Pam R. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 185 P.3d 67, 71 (Alaska 2008).

[21] Because the father failed to show there had been a substantial change in circumstances, we need not address his arguments relating to the best interest factors pertaining to custody. *See McLane v. Paul*, 189 P.3d 1039, 1043 (Alaska 2008).

different judge's earlier decisions in this case violates his constitutional rights to due process and a fair trial. He asserts that every child custody modification proceeding must require "a complete retrial of all previous judicial proceedings related to the case." We disagree.

"The right to procedural due process includes the right to 'a reasonable opportunity to know the claims of the opposing party and to meet them.' "[22] When a party alleges a violation of this right, he must also make a plausible claim of prejudice.[23] Determining if such a claim exists requires an evaluation of "whether [the error] 'deprives the parent of a sufficient opportunity to present a case.' "[24]

Our precedent instructs that when determining whether a parent has met the burden to demonstrate a substantial change in circumstances,[25] a court must "compare current circumstances to a 'baseline' at the time of the most recent custody

---

[22]    *Amy S. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 440 P.3d 273, 281 (Alaska 2019) (quoting *Gonzales v. United States*, 348 U.S. 407, 414 n.5 (1955)); *see also Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976) (holding that procedural due process requires balancing of private interest affected by official action, risk of erroneous deprivation of such interest absent additional procedures, and government's interest).

[23]    *See Amy S.*, 440 P.3d at 281-83.

[24]    *Sarah A. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 427 P.3d 771, 779-80 (Alaska 2018) (quoting *Alex H. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 389 P.3d 35, 50 (Alaska 2017)). "Although a party need not prove actual prejudice to establish a due process violation, 'a theoretical possibility of prejudice is not enough.' " *Id.* at 779 (quoting *D.M. v. State, Div. of Fam. & Youth Servs.*, 995 P.2d 205, 212 (Alaska 2000)).

[25]    AS 25.20.110(a) ("An award of custody of a child or visitation with the child may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child."); *Maxwell v. Maxwell*, 37 P.3d 424, 426 (Alaska 2001) ("The moving parent bears the burden of making a prima facie showing of a substantial change of circumstance as a threshold matter.").

order."[26]  This comparison necessarily involves reviewing and relying on the record of decisions and evidence from earlier proceedings in the same case.  The father does not provide any persuasive explanation for why we should disregard the clear statutory directive and our well-established precedent and ignore portions of the record that informed the most recent custody order.

Moreover, the superior court provided the father with a full evidentiary hearing, including the opportunity to testify, cross-examine the mother, and submit other evidence in support of his motion to modify custody.  Although the father's interest in raising his child is fundamental,[27] he does not identify any additional procedures that would have allowed him to better represent his interests, nor does he raise a plausible claim of prejudice.  Further, the government has a significant interest in promoting stability for children in custody litigation, and any sense of stability would be lost if all prior judicial determinations in a custody case had to be relitigated each time a parent filed a motion to modify.

In summary, the superior court's decision was based on a fair consideration of the evidence in accordance with the law.  Therefore, we conclude that the court did not violate the father's right to due process by relying on prior orders made in the same case.

C.     **The Father Did Not Demonstrate That The Superior Court Judge Was Biased.**

The father argues that the superior court judge was biased against him because the judge "relied upon highly subjective and hostile opinions of a prior judge

---

[26]     *Rainer v. Poole*, 510 P.3d 476, 482 (Alaska 2022).

[27]     *J.M.R. v. S.T.R.*, 15 P.3d 253, 257 (Alaska 2001) ("The right to the care and custody of one's own child is a fundamental right recognized by both the federal and state constitutions.").

with substantial contrary evidence refuting such findings."[28] He argues that the court "elevated the mother's interests above" his and improperly refused to allow the child to testify. We hold that the father has not demonstrated any impermissible judicial bias.

"In order to prove a claim of judicial bias," a party may show that the judge "formed an opinion . . . from extrajudicial sources."[29] "[J]udicial bias may also arise during the course of judicial proceedings if 'a judicial officer hears, learns, or does something intrajudicially so prejudicial that further participation would be unfair.' "[30] Impermissible bias cannot "be inferred merely from adverse rulings."[31]

The father does not argue that the judge was influenced by any extrajudicial sources (i.e., circumstances outside the courtroom). For intrajudicial bias — circumstances within court proceedings — the father makes nonspecific claims that the judge was biased against him and favored the mother. These claims include an argument that the judge's consideration of previous custody investigator reports and judicial decisions increased the risk of bias against the father.

As explained above, the judge's consideration of the full record of these proceedings was proper. And we will not infer bias simply because the judge denied

---

[28] The father's prior claims of judicial bias were rejected on appeal. *Berry I*, 277 P.3d 771, 774 (Alaska 2012); *Berry II*, No. S-17232, 2019 WL 6724423, at *7-8 (Alaska Dec. 11, 2019).

[29] *Peterson v. Ek*, 93 P.3d 458, 467 (Alaska 2004); *see also Hooks v. Alaska USA Fed. Credit Union*, 413 P.3d 1192, 1197-98 (Alaska 2018) ("Bias that arises from 'knowledge . . . properly and necessarily acquired in the course of the proceedings' does not have an extrajudicial source. In other words, bias stemming from 'the facts adduced or the events occurring at trial' will rarely support a judicial bias claim." (quoting *Hanson v. Hanson*, 36 P.3d 1181, 1184 (Alaska 2001))).

[30] *Downs v. Downs*, 440 P.3d 294, 300 (Alaska 2019) (quoting *Brown v. State*, 414 P.3d 660, 661 n.3 (Alaska 2018) (Winfree, J., concurring in part and dissenting in part)).

[31] *Id.* at 299-300 (quoting *Kinnan v. Sitka Counseling*, 349 P.3d 153, 160 (Alaska 2015)) (internal quotation marks omitted).

the father's motion to modify custody and made other rulings in the mother's favor.[32] Beyond those claims, the father does not identify any instance where the judge failed to follow proper procedure or showed any evident bias.

Our independent review of the record shows that the judge allowed both parties the opportunity to testify, cross-examine witnesses, and present evidence. The judge also assisted both the mother and the father in formulating questions and by focusing their testimony on the legal and factual disputes that were relevant to custody modification. Applying an objective standard of review,[33] we conclude that the father has failed to show any disqualifying judicial bias.

## D. The Remainder Of The Father's Arguments Are Waived.

The father makes several additional claims for the first time on appeal. He suggests that the statutory best interests analysis used in custody determinations violates his constitutional rights. The father also alleges the superior court violated his constitutional rights by refusing to allow the child to testify and by considering previous child custody investigator reports. He additionally argues that the court improperly admitted prejudicial evidence. However, a party cannot raise new claims on appeal that could have been raised during trial.[34] Such claims are considered waived on appeal.[35] Because the father failed to raise these arguments below, we hold that they are waived.

---

[32] *Snider v. Snider*, 357 P.3d 1180, 1187 (Alaska 2015) ("[A] ruling against a party, even an incorrect ruling, is not evidence of judicial bias." (quoting *Peterson v. Swarthout*, 214 P.3d 332, 339 (Alaska 2009)) (internal quotation marks omitted)).

[33] *See Downs*, 440 P.3d at 297.

[34] *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985) (holding "a party may not present new issues or advance new theories to secure a reversal of a lower court decision").

[35] *See Prentzel v. State, Dep't of Pub. Safety*, 169 P.3d 573, 594 (Alaska 2007).

First, the father makes a general claim that the best interests analysis "violates the fundamental rights of natural parents" and violates parents' due process rights because it allows the court to limit his parental rights without first finding that he is an unfit parent. Because the father raises this claim for the first time on appeal, we conclude it is waived.[36]

Second, the father argues that the superior court violated his right to due process by "preemptively preventing [the child] from testifying prior to assessing competency, without evaluating best interests, and without consideration of a guardian ad litem." At the evidentiary hearing, the court noted that "unless there was a . . . strong objection," it would have the child interviewed by a custody investigator rather than having her testify in court. The court then explicitly asked the father if he opposed the child being interviewed. The father did not object. In fact, he did not challenge the decision until filing a motion for reconsideration months later. By failing to timely object when the superior court provided him the opportunity to do so and instead first raising his concern in a motion for reconsideration, the father waived this argument.[37]

Third, the father argues that the superior court's reliance on the 2010 child custody investigator report[38] violated his right to due process, as well as the constitutional requirement for separation of powers. When he raised a similar argument

---

[36]   *See id.*

[37]   *See id.*; *see also Blackburn v. State, Dep't of Transp. & Pub. Facilities*, 103 P.3d 900, 906 (Alaska 2004) (holding court is "under no obligation to consider an issue raised for the first time in a motion for reconsideration" (quoting *J.L.P. v. V.L.A.*, 30 P.3d 590, 597 n.28 (Alaska 2001)) (internal quotation marks omitted)).

[38]   In this appeal, the father specifically argues that the age of the child custody investigator report creates a constitutional concern. As we held in *Berry I*, "[t]rial courts may choose to rely on the testimony of court-appointed custody investigators in making custody determinations." *Berry I*, 277 P.3d 771, 778 (Alaska 2012). We conclude that under the circumstances, the age of the report does not alter our determination that the court's reliance on it is constitutional, especially given that the father had the full and fair opportunity to present new evidence.

in *Berry II*, we held that he had waived the argument by agreeing to the admission of the reports at trial and by not raising any objections at that time.[39] In the current appeal, the father did not raise these constitutional concerns until his motion for reconsideration. Thus, we come to the same conclusion now: he has waived the ability to raise it on appeal.[40]

Finally, the father challenges the admission of a 2009 photograph featuring his truck with a sign on the rear of the vehicle assigning blame to the mother for "destroying" their family and marriage. He argues that the superior court abused its discretion by improperly admitting the photograph into evidence over his objection. However, the photograph had previously been admitted into evidence without objection at a 2018 hearing in one of the father's prior motions to modify custody. By failing to object at the time of the initial admission of the photograph or to file a timely appeal of that decision, the father waived this argument, and the photograph became a part of the record.[41] And, as explained above, the superior court is permitted to review the full record of the proceedings including rulings made and evidence admitted earlier in the same case.

V.    **CONCLUSION**

The superior court's decision is AFFIRMED.

---

[39]    No. S-17232, 2019 WL 6724423, at *2-3 (Alaska Dec. 11, 2019) ("Because Michael did not raise a constitutional objection to the investigator's report until appeal, the argument is waived.").

[40]    *See Prentzel*, 169 P.3d at 594; *Blackburn*, 103 P.3d at 906.

[41]    *See Prentzel*, 169 P.3d at 594.